

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**

~~JOHN BEN SHEPPERD~~
~~xxxxxxxxxxxxxxxxx~~
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Hon. R. E. McLaughlin
County Attorney
Moore County
Dumas, Texas

Opinion No. O-2019
Re: Construction of Article 752b
in regard to petitions presented
to commissioners' courts for bond
elections for road improvements.

Dear Sir:

   We are in receipt of your opinion request of recent date. We quote from your letter as follows:

   "Two petitions for bond elections for road improvements have been presented to the Commissioners' Court of Moore County, Texas, one for One Hundred Sixty Thousand Dollars ($160,000) for the construction of approximately 18 miles of paved highway, and one for Ninety Six Thousand Dollars ($96,-000), for the construction of 11 miles of paved highway. The larger petition incorporates all the 11 miles of the smaller petition.

   "The group presenting the smaller petition is not in favor of constructing the seven additional miles called for in the larger petition, and a considerable amount of controversy has arisen over the two proposals.

   "Under Article 752b, Revised Statutes –

   (1)  Is it mandatory that the court order two elections?
   (2)  If so, how soon must the elections be held?
   (3)  Can the court postpone its order on one petition until after the other has been voted upon?
   (4)  Can both elections be held at the same place, on the same day, by the same election judges, or, must there be a separate place, and separate election supplies and judges?
   (5)  Part of the highway called for in both petitions lies within the city limits of Dumas, Texas, the county seat, an incorporated city. Is it legal to vote county wide bonds for this purpose?

"I am quite sure that from the foregoing you
have in mind a picture of the situation as it is,
and I would appreciate very much having your opin-
ion as to the procedure the Commissioners' Court
should take in handling this matter in accordance
with the law."

Article 752b provides, in part, that "upon the peti-
tion of fifty or more resident, qualified, property taxpaying
voters of any county, the Commissioners' Court of such county
at any regular or special session thereof shall order an elec-
tion ***". We feel that this statute is mandatory and as a
general proposition the Commissioners' Court has no discretion
to refuse to grant a petition and to order an election for the
purpose of determining whether or not bonds shall be issued for
road purposes whenever such a petition is prepared and present-
ed in compliance with the provisions of Chapter 3, Title 22 of
the Revised Civil Statutes of Texas. See Huggins vs. Vaden,
253 S.W. 877; Moore vs. Coffman, 200 S.W. 374. There is no
statutory authority stating when the petition must be acted up-
on by the court. However, this department has held that it
should be acted upon within a reasonable time.

As we understand your problem from your opinion re-
quest and other correspondence on the matter, one petition for
$160,000 was filed for the purpose of constructing and improve-
ing highways. Later a second petition was presented for $96,-
000 for the purpose of constructing exactly the same mileage
with the exception of seven miles called for in the first peti-
tion. We have no doubt that under these facts the Commission-
ers' Court would not abuse its discretion in taking up and grant-
ing within a reasonable time the first petition filed, even
though in the meantime the second petition had been filed. In-
deed, we are unable to perceive how it can be said that the court
had any discretion to refuse the first petition when presented.
When the second petition was presented, covering the same mile-
age with the exception of seven miles called for in the first
petition, we think the court would have a right to postpone its
order on said petition because if the election on the first peti-
tion carried, the election on the second petition would be a
useless act, and we know of no rule that would warrant the issu-
ance of a mandamus to enforce the Commissioners' Court to perform
such an act. See Huggins vs. Vaden, 253 S.W. 877.

The purpose of a bond election is to vote for or against
the issuance of bonds for a specific purpose and not to vote for
one petition or another petition. The bond election must carry
by a two-thirds majority vote, the money to be used for the purpose

voted on. We know of no way that both elections could be held at the same time and accomplish the purpose for which a bond election is held.

Therefore, it is our opinion that the proper procedure would be for the Commissioners' Court to call an election on the first petition. If this election carries, then the second petition becomes a moot question because the entire mileage provided for in the second petition will be improved with the bond money obtainable as a result of this election. If this election fails to carry by the required two-thirds majority then the court can call an election on the second petition.

In reply to your last question, the County Commissioners have power to improve roads within a town or city with the consent of the civic authority. Hughes vs. Harris County, 35 S.W. (2d ) 818. Having this power, an agreement with the civic authority to expend county road bond funds is binding on the county -- at least where the expenditure is on a street which forms a link in a county highway. 21 Texas Jurisprudence, 668; City of Breckenridge vs. Stephens County, 40 S.W. (2d) 43; Hughes vs. Harris County, 35 S.W. (2d) 818.

Trusting that this answers your questions, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman
Claud O. Boothman, Assistant.

APPROVED MAR 18, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

COB-s:wb